Appeals by the defendant from separate judgments of the Supreme Court, Essex County, in favor of each of the plaintiffs, entered upon jury verdicts in the office of the Clerk of the County of Essex, and from separate orders denying motions to set the verdicts aside, also entered in Essex County. Each of the above-named plaintiffs has had a jury verdict for damages based upon the negligence of the defendant and arising out of a collision between two automobiles, one of which was owned and operated by the defendant. Originally eight actions arising out of the same accident were tried together. They were not consolidated. Under these circumstances it was within the discretion of the trial court to determine the order in which the cases upon the calendar should proceed, with the accompanying right to open and close. There was no abuse of discretion in this respect. The record discloses evidence from which the jury could have found that the accident was solely the result of the negligence of the defendant. That question of fact was fairly and correctly submitted to the jury, and the verdicts' cannot be said to be against the weight of the evidence. Appellant also contends that the verdicts for plaintiff Audrey Dwyer of $22,500 and the plaintiff Jay Vandenburg of $10,000, are excessive. Plaintiff Dwyer was thirty-live years of age at the time of trial and was self-supporting. There was evidence that she had earned substantial income as a model. She sustained multiple lacerations to her head and face which required numerous sutures, three fractured ribs, a punctured lung and other bodily bruises. Some facial scars are permanent. Her injuries were serious and substantial, and the verdict of the jury cannot be considered excessive as a matter of law. Plaintiff *808 Vandenburg, twenty-six years of age, suffered facial lacerations and the loss of several front teeth. There will be permanent facial disfigurement and he will be obliged to permanently wear a dental plate. There is evidence that his injuries affected his earning capacity. The verdict of the jury should not be disturbed. The judgments and orders appealed from are affirmed, with one bill of costs to be divided between the prevailing parties, with printing disbursements to each. Foster, P. J., Heffernan, Bergan and Coon, JJ., concur; Brewster, J., taking no part.